ORIGINAL

1  MICHAEL L. TRACY, ESQ., SBN 237779
   MTRACY@MICHAELTRACYLAW.COM
2  MEGAN ROSS HUTCHINS, ESQ., SBN 227776
   MHUTCHINS@MICHAELTRACYLAW.COM
3  LAW OFFICES OF MICHAEL TRACY
4  2030 Main Street, Suite 1300
   Irvine, CA  92614
5  T: (949) 260-9171
   F: (866) 365-3051
6

FILED

2010 JAN 11  PM 2: 4

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

7  Attorneys for Plaintiff TOBIN HILL

8                UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11 TOBIN HILL, an individual, on behalf of      Case No. 10 CV 0076   BTM BLM
   himself and on behalf of The State of California
12 Labor and Workforce Development Agency as a   COMPLAINT FOR UNPAID OVERTIME
   Private Attorney General                     UNDER CALIFORNIA LABOR CODE,
13                                               IMPROPER PAY STUBS, WAITING TIME
                Plaintiff,                       PENALTIES, OVERTIME UNDER THE
14                                               FLSA,  AND UNFAIR BUSINESS
           vs.                                   PRACTICES
15
16 INSURANCE COMPANY OF THE WEST, A             PRIVATE ATTORNEY GENERAL
   CALIFORNIA CORPORATION;  and DOES 1          CLAIMS FOR UNPAID OVERTIME,
17 through 10, inclusive,                        MISSED MEAL BREAKS, IMPROPER
                                                 PAY STUBS, AND IMPROPER RECORD
18              Defendants.                      KEEPING

19                                               DEMAND FOR JURY TRIAL

20 Plaintiff, TOBIN HILL, alleges:

21                              **JURISDICTION**

22     1.     This Court has jurisdiction over this matter because this complaint alleges a federal

23 question in that violations of 29 U.S.C. § 201 et seq. are alleged.

24     2.     This court has supplemental jurisdiction of all the State law claims under 28 U.S.C.

25 § 1367(a). The State law claims are all related to the same facts – namely whether Plaintiff

26 performed work and was not paid overtime wages and whether that failure to pay was willful.  The

27 failure to provide proper pay check stubs is also directly related to the FLSA claims because

28 Plaintiff is alleging that the pay check stubs are inaccurate because they did not list the overtime

-1-
COMPLAINT FOR LABOR VIOLATIONS

required by the FLSA. The waiting time penalty claim is directly related to whether the failure to pay overtime required by the FLSA was willful. As such, all the claims make up the same case or controversy under Article III of the United States Constitution.

## GENERAL ALLEGATIONS

3. This Court is the proper court and this action is properly filed in the County of San Diego and in this judicial district because Defendants do business in the County of San Diego, and because Defendants' obligations and liabilities arise therein, and because the work that was performed by Plaintiff in the County of San Diego is the subject of this action.

4. This complaint contains causes of action brought pursuant to Labor Code § 2698, et seq. which allows Plaintiff to sue on behalf of the State of California Labor and Workforce Development Agency ("LWDA") as a Private Attorney General. Pursuant to Labor Code § 2699(i), 75% of any penalties recovered under this third type of action will be paid to the LWDA, with the Plaintiff receiving the remaining 25%.

5. Private Attorney General Act causes of action do not require class certification.

6. The true names and capacities of DOES 1 through 10 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and hereon alleges, that some such Doe defendants are residents of California.

7. Plaintiff is informed and believes that Defendants, each and all of them, at all times material hereto, were the joint employers, parent companies, successor companies, predecessors in interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries, representatives, and/or coconspirators of each of the remaining Defendants. The Defendants, unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's damages as herein alleged.

8. Mr. Hill, though his attorneys, requested a copy of any applicable arbitration agreement in a certified letter dated December 02, 2009.

9. Insurance Company of the West refused to produce any arbitration agreement.

## PARTIES

10. Plaintiff TOBIN HILL ("HILL") was jointly employed by Defendants from June 7, 2008 through October 15, 2009.

11. Defendant INSURANCE COMPANY OF THE WEST ("ICW") is A CALIFORNIA CORPORATION doing business in the County of San Diego, State of California.

## PRIVATE ATTORNEY GENERAL ALLEGATIONS

12. Pursuant to Cal. Labor Code § 2698, et seq., the Private Attorney General Act ("PAGA") of 2004, Plaintiff is entitled to recover civil penalties on behalf of himself and other current or former employees provided the notice and other procedures prescribed by the statute are followed.

13. Plaintiff is pursuing civil penalties for violations of Cal. Labor Code Sections 226, subdivision (a), 510, 226.7, 1198, and 212. These sections are all listed in Cal. Labor Code § 2699.5. As such, the procedures for this action are specified in Cal. Labor Code § 2699.3(a).

14. Plaintiff is an aggrieved employee of some of these labor violations as set out in this complaint. He brings the PAGA causes of action for violations against all AGGRIEVED EMPLOYEES, as defined below.

15. Plaintiff's attorney gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants stating the above mentioned code violations with facts to support each allegation. The certified mail was postmarked October 20, 2009. A copy of this notification is attached as Exhibit A.

16. The LWDA has failed to notify Plaintiff that they intend to investigate the allegations, and more than 33 days have elapsed since notice was sent. As such, Plaintiff may commence a civil action pursuant to Cal. Labor Code § 2699.

17. Cal. Labor Code § 2699(i) requires that any civil penalties be split with 75% paid to the LWDA and 25% paid to Plaintiff.

18. The PAGA causes of action are brought for labor violations committed on the following group of AGGRIEVED EMPLOYEES: All Systems Administrators, Network Engineers, Sr. System Administrators, Se. Network Engineers, SQL Developers, Sr. SQL Developers,

COMPLAINT FOR LABOR VIOLATIONS

Database Administrators, Sr. Database Administrators, Systems Engineers, Sr. Systems Engineers, and anyone, regardless of job title who was primarily engaged in the design, installation, or configuration of computer networks, and any person, regardless of job title, who was primarily engaged in the writing or testing of computer software, and any person, regardless of job title who was primarily engaged in the backup and recovery of computer data.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE

### (AGAINST ICW and DOES 1-5)

19. Plaintiff refers to and incorporates by reference Paragraphs 1 through 18.

20. This cause of action is brought against ICW and DOES 1-5, jointly and individually.

21. Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of Regulations, Title 8, § 11040, for the period of Plaintiff's employment, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

22. Plaintiff HILL worked more than eight (8) hours in a single workday or forty (40) hours in a single workweek on numerous occasions.

23. Plaintiff HILL was entitled to the above overtime premiums.

24. Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past eight (8) in a day.

25. Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past forty (40) in a week.

26. Defendants did not pay Plaintiff premium wages of at least two times Plaintiff's regular rate of pay for hours worked past twelve (12) in a day.

27. Plaintiff HILL worked at least one pay period in which he was not properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

28. Defendants know or should know the actual dates of overtime worked, the amount of overtime worked, and the amount of unpaid overtime due.

29. As a proximate result of Defendants' violations, Plaintiff HILL has been damaged in an amount in excess of $31,000 and subject to proof at time of trial.

30. Pursuant to Labor Code §§ 218.6, 510, 1194 and California Code of Regulations, Title 8, § 11040, Plaintiff HILL is entitled to recover damages for the nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

## FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED

## UNDER LABOR CODE SECTION 226

## (AGAINST ICW and DOES 1-5)

31. Plaintiff refers to and incorporates by reference Paragraphs 1 through 30.

32. This cause of action is brought against ICW and DOES 1-5, jointly and individually.

33. Pursuant to Labor Code § 226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

34. Defendants knowingly and intentionally furnished Plaintiff pay stubs that did not accurately reflect all the information required by Labor Code § 226.

35. Plaintiff suffered injury from the lack of proper information on the pay stubs provided by Defendants.

36. Plaintiff suffered injury under this cause of action within a period of one (1) year prior to the initiation of this lawsuit.

37. Pursuant to Labor Code § 226(e) and (g), Plaintiff prays for judgment against Defendants in an amount subject to proof at trial plus costs and attorney fees.

## THIRD CAUSE OF ACTION

## WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203

## (AGAINST ICW and DOES 1-5)

38. Plaintiff refers to and incorporates by reference Paragraphs 1 through 37.

39. This cause of action is brought against ICW and DOES 1-5, jointly and individually.

40. Plaintiff's employment with Defendants was terminated on October 15, 2009.

41. Defendants willfully refused and continue to refuse to pay Plaintiff HILL unpaid wages as required by Labor Code § 203. Defendants know that the pay is due and are refusing to pay it.

42. Plaintiff HILL requests damages and penalties as provided by Labor Code § 203 in the amount of $7,200 and subject to proof at time of trial.

## FOURTH CAUSE OF ACTION

## OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. § 207 and § 216

## (AGAINST ALL DEFENDANTS)

43. Plaintiff refers to and incorporates by reference Paragraphs 1 through 42.

44. This cause of action is against all Defendants, jointly and individually.

45. Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. § 207(a) and § 216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

46. Plaintiff worked numerous weeks in excess of forty (40) hours.

47. Plaintiff was entitled to the above overtime premiums.

48. Defendants failed to compensate Plaintiff for any overtime premiums.

49. This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).

50. Plaintiff worked at least one week in which overtime premiums were not paid by Defendants under the Fair Labor Standards Act within the two (2) years prior to initiating this lawsuit.

51. Plaintiff's individual employment is covered by the terms of the Fair Labor Standards Act.

52. Defendant ICW was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

53. Defendant ICW was an enterprise covered by the provisions of the Fair Labor Standards Act for the entire time of Plaintiff's employment.

54. Defendant ICW conducted business with a total gross sales volume in excess of $500,000 for each and every twelve (12) month period in which Plaintiff was employed.

55. Defendant ICW employed at least two (2) employees during each and every 12 month period in which Plaintiff was employed.

56. DOES 1-10 were the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

57. Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

58. Plaintiff prays for judgment for overtime pay of $31,000. This amount is subsumed by the overtime pay claimed in the First Cause of Action.

59. Plaintiff prays for judgment for liquidated damages in the amount of $31,000. This amount is supplemental to the relief requested in all other causes of action.

60. Plaintiff prays for costs and attorney's fees.

## FIFTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200

## (AGAINST ICW and DOES 1-5)

61. Plaintiff refers to and incorporates by reference Paragraphs 1 through 60.

62. This cause of action is brought against ICW and DOES 1-5, jointly and individually.

63. By failing to pay overtime premiums, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

64. Plaintiff HILL prays for restitution under this Cause of Action in an amount subject to proof at time of trial.

## SIXTH CAUSE OF ACTION

## CIVIL PENALTIES FOR OVERTIME VIOLATIONS

(AGAINST ALL DEFENDANTS)

65. Plaintiff refers to and incorporates by reference Paragraphs 1 through 64.

66. This cause of action is brought against all Defendants jointly and individually.

67. Plaintiff HILL is informed and believes that all AGGRIEVED EMPLOYEES of Defendants were not properly paid overtime in violation of Cal. Lab. Code §§ 510 and 558.

68. At least one such violation against an AGGRIEVED EMPLOYEE occurred within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

69. Cal. Labor Code § 558 provides that an "employer or other person acting on behalf of an employer" who causes such a violation will be subject to a $50 penalty for each pay period for each employee.

70. Cal. Labor Code § 2699(g) provides that any "employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."

71. Plaintiff HILL prays for civil penalties in an amount in excess of $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

## SEVENTH CAUSE OF ACTION

## CIVIL PENALTIES FOR BREAK VIOLATIONS

(AGAINST ALL DEFENDANTS)

72. Plaintiff refers to and incorporates by reference Paragraphs 1 through 71.

73. This cause of action is brought against all Defendants jointly and individually.

74. Plaintiff HILL is informed and believes that all AGGRIEVED EMPLOYEES of Defendants were subject to violations of Cal. Lab. Code §§ 226.7, 512 and 558.

75. At least one such violation against an AGGRIEVED EMPLOYEE occurred within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

76. Plaintiff HILL prays for civil penalties in an amount in excess of $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

## EIGHTH CAUSE OF ACTION

## CIVIL PENALTIES FOR LABOR CODE 226(a) VIOLATIONS

(AGAINST ICW and DOES 1-5)

COMPLAINT FOR LABOR VIOLATIONS

77. Plaintiff refers to and incorporates by reference Paragraphs 1 through 76.

78. This cause of action is brought against ICW and DOES 1-5, jointly and individually.

79. Cal. Labor Code § 226(a)(9) requires that the employer provide a pay stub that lists "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

80. Cal. Labor Code § 226(a)(1) requires that the gross wages earned by the employee.

81. Plaintiff HILL is informed and believes that Defendants failed to comply with Labor Code § 226(a) for all AGGRIEVED EMPLOYEES.

82. At least one such violation against an AGGRIEVED EMPLOYEE occurred within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

83. Cal. Labor Code § 226.3 provides that any employer who violates § 226(a) will be subject to a civil penalty of $250 per employee per pay period.

84. Plaintiff HILL prays for civil penalties in an amount in excess of $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

## NINTH CAUSE OF ACTION

### CIVIL PENALTIES FOR FAILING TO KEEP RECORDS

### (AGAINST ICW and DOES 1-5)

85. Plaintiff refers to and incorporates by reference Paragraphs 1 through 84.

86. This cause of action is brought against ICW and DOES 1-5, jointly and individually.

87. California Code of Regulations, Title 8, § 11040 requires that the employer keep track of the start and stop time of each shift and the start and stop time for each meal break.

88. Plaintiff HILL is informed and believes that Defendants willfully failed to keep proper start and stop time records for all AGGRIEVED EMPLOYEES.

89. At least one such violation against an AGGRIEVED EMPLOYEE occurred within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

90. Cal. Lab. Code § 1174(d) required employers to keep accurate records as required by the Wage Order, and as such is actionable under Cal. Lab. Code § 2698, et seq.

91. Plaintiff HILL prays for civil penalties in an amount in excess of $500 and subject

to proof at time of trial, costs and reasonable attorney's fees.

**WHEREFORE**, Plaintiff prays for the following relief:

1. Damages for overtime not paid to Plaintiff HILL in an amount in excess of $31,000 and subject to proof at trial.

2. For liquidated damages in the amount in excess of $31,000 and subject to proof at trial.

3. For damages and penalties under Labor Code § 226 for Plaintiff HILL in an amount subject to proof at trial.

4. For penalties and damages pursuant to Labor Code § 203 for Plaintiff HILL in an amount of $7,200 and subject to proof at trial.

5. For restitution and disgorgement for all unfair business practices against Plaintiff HILL in an amount subject to proof at trial.

6. For prejudgment and post judgment interest.

7. Civil penalties under the Private Attorney General Act in an amount in excess of $400,000 and subject to proof at trial.

8. Cost of suit.

9. Attorneys' fees.

10. For such other and further relief as the court may deem proper.

DATED: January 5, 2010                LAW OFFICES OF MICHAEL TRACY

                                      By: _____
                                      MICHAEL TRACY, Attorney for Plaintiff
                                      TOBIN HILL

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

DATED: January 5, 2010                LAW OFFICES OF MICHAEL TRACY

                                      By: _____
                                      MICHAEL TRACY, Attorney for Plaintiff
                                      TOBIN HILL

# EXHIBIT A

# LAW OFFICES OF MICHAEL TRACY

2030 Main St • Suite 1300 • Irvine, CA 92614 • Phone 949-260-9171 • Fax 866-365-3051

Labor and Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

Date: October 19, 2009

**RE: REPORTING LABOR VIOLATIONS OF INSURANCE COMPANY OF THE WEST**

Dear Labor and Workforce Development Agency:

I am an attorney who represents Tobin Hill. Mr. Hill is a former employee of Insurance Company of the West ("Employer"). Pursuant to Cal. Labor Code §2699, et seq, my client is giving notice of the alleged labor violations. If the Labor and Workforce Development Agency does not have the time or interest in investigating these matters, please inform me of your intent to not investigate at the following address:

Law Offices of Michael Tracy
2030 Main St. Ste 1300
Irvine, CA 92614

My client was employed by Employer from 6/07/2008 through 10/15/2009. The company's address is:

Insurance Company of the West
11455 El Camino Real
San Diego, CA 92130

Below are the facts and theories of the various labor violations committed against my client as well all other aggrieved employees in California. My client believes that all of the following labor violations were committed against all employees working in a similar capacity to Mr. Hill. In addition, the following employees are also aggrieved of the violations ("AGGRIEVED EMPLOYEES"): All Systems Administrators, Network Engineers, Sr. System Administrators, Se. Network Engineers, SQL Developers, Sr. SQL Developers, Database Administrators, Sr. Database Administrators, Systems Engineers, Sr. Systems Engineers, and anyone, regardless of job title who was primarily engaged in the design, installation, or configuration of computer networks, and any person, regardless of job title, who was primarily engaged in the writing or testing of computer software, and any person, regardless of job title who was primarily engaged in the backup and recovery of computer data. All persons employed by Employer as computer

programmers or information technology ("IT") employees are AGGRIEVED EMPLOYEES.

During his time of employment, Mr. Hill frequently worked over eight hours a day, and over forty hours per week. His overtime premiums were not properly calculated, in violation of Labor Code §510. My client, from talking with other employees, understands that other AGGRIEVED EMPLOYEES were paid on a similar basis.

Mr. Hill was not provided an adequate pay stub listing all hours worked and other items as required by Cal. Labor Code §226. My client believes that other AGGRIEVED EMPLOYEES were similarly treated.

Insurance Company of the West failed to keep time records showing when the employee started and stopped each work period. Employer also failed to keep accurate records showing the start and stop time of each meal period as required by the applicable Wage Order's record keeping requirement. This is a violation of Cal. Lab. Code § 1198 and 1174(d). My client believes that other AGGRIEVED EMPLOYEES were similarly treated.

Mr. Hill was not provided ample meal periods or break periods as required under Cal Labor Code §226.7 and §512. My client believes that other AGGRIEVED EMPLOYEES were similarly treated.

Thank you for your time and any assistance in this matter.

Thank You,

Michael Tracy
Attorney


cc: Insurance Company of the West

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To: LWPP
Street, Apt No.; or PO Box No:
City, State, ZIP+4:

PS Form 3800, August 2006          See Reverse for Instructions

7008 1830 0004 4210 0864

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To: Insurance Company West
Street, Apt No.; or PO Box No:
City, State, ZIP+4:

PS Form 3800, August 2006          See Reverse for Instructions

7008 1830 0004 4210 0857



Home | Help | Sign In

Track & Confirm    FAQs

# Track & Confirm

## Search Results

Label/Receipt Number  7008 1830 0004 4210 0857
Service(s)  Certified Mail™
Status  Delivered

Your item was delivered at 8:51 AM on October 21, 2009 in SAN DIEGO, CA 92130

**Track & Confirm**
Enter Label/Receipt Number

( Go > )

### Detailed Results
- **Delivered, October 21, 2009, 8:51 am, SAN DIEGO, CA 92130**
- **Arrival at Unit, October 21, 2009, 8:00 am, SAN DIEGO, CA 92130**

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2009 USPS  All Rights Reserved       No FEAR Act EEO Data    FOIA

USPS - Track & Confirm                                                                 Page 1 of 1

 **UNITED STATES POSTAL SERVICE**®

Home | Help | Sign In

Track & Confirm    FAQs

# Track & Confirm

### Search Results

Label/Receipt Number **7008 1830 0004 4210 0864**
Service(s) **Certified Mail**™
Status **Delivered**

Your item was delivered at 2 54 PM on October 22, 2009 in SACRAMENTO, CA 95814

**Track & Confirm**
Enter Label/Receipt Number

( Go > )

Site Map     Customer Service     Forms     Gov't Services     Careers     Privacy Policy     Terms of Use     Business Customer Gateway

Copyright© 2009 USPS All Rights Reserved     No FEAR Act EEO Data     FOIA

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do                      1/8/2010

# ORIGINAL

## CIVIL COVER SHEET

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
TOBIN HILL, an individual, on behalf of himself and on behalf of himself and on behalf of the State of California Labor and Workforce Development Agency as a Private Attorney General

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Office of Michael Tracy, 2030 Main St, Ste 1300, Irvine, CA

### DEFENDANTS
INSURANCE COMPANY OF THE WEST, ICW; and DOES 1 through 10, inclusive

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
**10 CV 0076 BTM BLM**

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. section 201 et seq.
Brief description of cause:
Failure to pay overtime

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 470,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 01/06/2010
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 9052  AMOUNT $350  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____
TB 01-11-10
CP

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS009052
Cashier ID: mbain
Transaction Date: 01/11/2010
Payer Name: LAW OFFICE OF MICHAEL TRACY
------------------------------------
CIVIL FILING FEE
 For: HILL V INSURANCE CO OF THE WES
 Case/Party: D-CAS-3-10-CV-000076-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 2230
 Amt Tendered: $350.00
------------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00


There will be a fee of $45.00
charged for any returned check.
```