# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBIN HILL,<br><br>                            Plaintiff,<br>    v.<br>INSURANCE COMPANY OF THE WEST, et al.,<br><br>                           Defendants. | Case No. 10cv76 BTM (BLM)<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAY THIS ACTION** |

      Defendant Insurance Company of the West ("ICW") has filed a Motion to Compel Arbitration and Stay or Dismiss this Action [Doc. 4]. For the following reasons, the Court **GRANTS** the Motion.

## I. BACKGROUND

      This is an employment dispute. Although Plaintiff alleges several claims, the primary one is that ICW failed to pay him overtime wages. But the substance of his claims are not before the Court on this Motion. Instead, the Motion addresses the arbitration agreement between the parties and whether the Court should enforce it.

      The parties agree that there is a valid arbitration agreement. They disagree, however,

about two issues. The first issue is about whether ICW waived its right to arbitrate. Plaintiff claims ICW waived arbitration by refusing Plaintiff's request to arbitrate. ICW disagrees, arguing that it has consistently expressed its intention to arbitrate. The second issue is that Plaintiff has asserted a California Private Attorney General Act ("PAGA") claim in his Complaint. And according to Plaintiff, the Court cannot compel arbitration of this claim without California's consent. Before resolving these two issues, the Court sets forth the facts relevant to whether ICW waived its right to arbitrate.

In mid-October 2009, Plaintiff's attorney sent ICW a demand letter, asking for unpaid overtime, wage records, and for Plaintiff's personnel file, among other things. Plaintiff threatened suit if ICW did not respond, and added "[i]f you have an arbitration agreement . . . you must send my office a copy or waive any right to arbitrate."

ICW's general counsel responded by letter on November 2, 2009. The general counsel wrote that she could not release any information to Plaintiff's counsel until ICW received a representation letter with Plaintiff's original signature: "Without that I have no way of verifying that you in fact represent him." She concluded the letter by noting that Plaintiff signed an arbitration agreement when he was hired, and that she would forward a copy to Plaintiff's counsel once she received the signed representation letter.

Plaintiff's counsel never sent the signed representation letter. Instead, on December 2, 2009, he sent a "final demand for arbitration," stating that ICW "refused to produce any arbitration agreement and refused to agree to arbitrate these claims." He repeatedly wrote that if ICW did not promptly agree to arbitrate and send all the information he requested, ICW's right to arbitrate would be waived. He finished the letter by writing that ICW's "requests for frivolous information to which you are not entitled will not be honored."

Defendant's outside counsel responded on January 5, 2010, and again stated that "[d]ue to privacy obligations, in the absence of an authorization from Mr. Hill, we are unable to produce" Plaintiff's personnel records and the arbitration agreement. Defendant, for the second time, raised the issue of the arbitration agreement, stating that Plaintiff was "required to adhere to the formal demand procedure outlined in the arbitration agreement."

It appears there was no further communication between the parties before Plaintiff filed this suit on January 11, 2010.

## II. DISCUSSION

### A. Defendant Did Not Waive Its Right to Arbitrate

Plaintiff agrees that he signed an arbitration agreement and that it covers all of Plaintiff's claims, except the PAGA claim. But the parties disagree about whether Defendant waived its right to arbitrate.

Waiver of the right to arbitrate is not favored. *Shinto Shipping Co., Ltd. v. Fibrex & Shipping Co., Inc.*, 572 F.2d 1328, 1330 (9th Cir. 1978). "Any examination of whether the right to compel arbitration has been waived must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements." *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986). Thus, "any party arguing waiver of arbitration bears a heavy burden of proof." *Id.* (quoting *Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023, 1025 (11th Cir. 1982).

The party seeking to establish waiver must prove "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1012 (9th Cir. 2005).

Here, Defendant has not acted inconsistently with its right to compel arbitration. In the first letter to Plaintiff after receiving notice of Plaintiff's claims, Defendant's general counsel reminded Plaintiff's counsel that Plaintiff had signed an arbitration agreement. And again, in a second letter, Defendant's outside counsel reminded Plaintiff of the arbitration agreement and told Plaintiff that he had to comply with its formal demand procedures. Furthermore, Defendant's counsel reasonably requested that Plaintiff's counsel send proof, in the form of Plaintiff's signature on a representation letter, that Plaintiff was indeed represented by Mr. Tracey. Plaintiff never complied with this reasonable request, and

Defendant therefore cannot point to anything in the record showing Defendant acted inconsistently with its right to arbitrate. In light of the strong policy favoring arbitration, the Court holds that Defendant has not waived its right to arbitrate.

Plaintiff relies primarily on *Brown v. Dillard's, Inc.* to support his waiver argument. That case, however, is distinguishable. Brown had signed an arbitration agreement with Dillard's, and she filed a notice of intent to arbitrate with the American Arbitration Association ("AAA") in compliance with the agreement. 430 F.3d at 1005. She also paid a $100 filing fee. *Id.* at 1008. But "Dillard's refused to participate in the arbitration proceedings." *Id.* at 1005. It failed to pay its portion of the filing fee or otherwise respond to AAA's letters or requests for information. *Id.* at 1008–09. Then, Brown tried to contact Dillard's for over two months with no success. *Id.* at 1009. Finally, a Dillard's representative told Brown that her suit had no merit and they would not arbitrate. *Id.* So Brown filed suit. *Id.*

*Brown v. Dillard's, Inc.* is different from this case in several obvious ways. Put simply, Dillard's explicitly and repeatedly rejected Brown's request to arbitrate. *See id.* at 1006–09. In sharp contrast, Defendant twice reminded Plaintiff's counsel of the arbitration agreement, and merely requested that Plaintiff's counsel confirm that he represented Plaintiff before sending Plaintiff's full personnel file—a reasonable request given that it likely contains confidential information. Importantly, unlike in *Brown*, Plaintiff did not proceed with the arbitration demand and initiation procedures set forth in paragraphs 2 and 3 of the arbitration agreement. Thus, *Brown* provides no support for finding a waiver here.

**B.   PAGA Claims May Be Arbitrated**

Plaintiff asserts PAGA claims in his Complaint. A plaintiff suing under the PAGA "does so as the proxy or agent of the state's labor law enforcement agencies." *Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009). Thus, plaintiff argues, because the state of California was not party to the arbitration agreement, the PAGA claims are not subject to arbitration. The Court disagrees.

Plaintiff cites no case law for this novel theory. The claims do not "belong [solely] to

the State of California" as Plaintiff argues. (Opp. at 11.) They also belong to Plaintiff. California Labor Code § 2699(a) explicitly gives aggrieved employees the right to pursue a cause of action for Labor Code violations. And because Plaintiff has agreed to arbitrate claims against Defendant arising out of his employment, the PAGA claims are subject to arbitration. *Cf. Franco v. Athens Disposal Co., Inc.*, 171 Cal. App. 4th 1277, 1300 (2009) (discussing, in dicta, possibility of sending PAGA claims to arbitration).

Plaintiff also asks that the Court stay this case so that Plaintiff may assign his rights to a newly created corporation, which would not be subject to the arbitration agreement. Given that Plaintiff asks the Court to delay this case while he creates a corporation to subvert Defendant's contractual rights, it is not surprising that Plaintiff fails to cite case law supporting its request. In any event, any assignment would include the obligation to arbitrate the assigned claims. The request is denied.

### C.  **Plaintiff's Request for a Jury Trial Is Denied**

Lastly, Plaintiff asks the Court for a jury trial under 9 U.S.C. § 4 to determine disputed issues of fact regarding the applicability of the arbitration agreement. Although that statute requires a jury trial upon demand "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue," 9 U.S.C. § 4, courts have interpreted that provision to require a jury trial "only if there is a triable issue concerning the existence or scope of the agreement." *Saturday Evening Post Co. v. Rumbleseat Press*, 816 F.2d 1191, 1196 (7th Cir. 1987); *accord Doctor's Ass'ns Inc. v. Distajo*, 107 F.3d 126, 129–30 (2d Cir. 1997). Here, for the reasons described above, there is no triable issue regarding the existence or scope of the arbitration agreement. Moreover, there is no triable issue regarding waiver, given that Plaintiff has provided no evidence showing Defendant acted inconsistently with its right to arbitrate.

### III.  CONCLUSION

For the foregoing reasons, Defendant's motion to stay this case and compel arbitration

is **GRANTED**.  The Court **STAYS** this case pending the outcome of the arbitration under 9 U.S.C. § 3 (requiring district court to stay action pending arbitration).  Plaintiff shall comply with the arbitration procedures set forth in the agreement.  The Court retains jurisdiction to enforce an arbitration award, if any.

The Court sets a status conference for **November 5, 2010 at 12:00 p.m.**  No personal appearances are necessary, and the parties shall submit in writing an update on the status of the arbitration.

**IT IS SO ORDERED.**

DATED:  April 26, 2010

_____
Honorable Barry Ted Moskowitz
United States District Judge